# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

REALPAGE, INC. a business entity, exact form unknown; and Does 1
through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SHANTE BELL , an individual,

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**05/15/2019** at 11:30:29 AM

Clerk of the Superior Court
By Karla Macias,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Superior Court of California County of <br> Orange 700 Civic Center Drive West, Santa Ana, CA 92701 | CASE NUMBER: <br> *(Número del Caso)* <br> 30-2019-01069958-CU-OE-CJC <br> Judge Richard Lee |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Timothy B. Sottile 4360 Park Terrace Drive Ste 140 Westlake Village, CA 91361 818-889-0050

| DATE: <br> *(Fecha)* 05/15/2019 DAVID H. YAMASAKI, Clerk of the Court | Clerk, by <br> *(Secretario)* | Karla Macias | , Deputy <br> *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  REALPAGE, INC. a business entity, exact form unknown

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☒ other *(specify):* CCP415.95 Business Organization, Form Unknown
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |
|---|---|---|

Timothy B. Sottile, Esq. SBN: 127026
Michael F. Baltaxe, Esq. SBN: 129532
Payam I. Aframian, Esq. SBN: 299345
Victoria V. Felder, Esq. SBN: 304894
SOTTILE ▮BALTAXE
4360 Park Terrace Drive, Suite 140
Westlake Village, California 91361
Telephone: (818) 889-0050; Facsimile: (818) 889-6050

Attorneys for Plaintiff SHANTE BELL

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

05/15/2019 at 11:30:29 AM

Clerk of the Superior Court
By Karla Macias, Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

SHANTE BELL , an individual,

  Plaintiff,

  vs.

REALPAGE, INC. a business entity, exact form unknown; and Does 1 through 100, inclusive,

  Defendants.

30-2019-01069958-CU-OE-CJC

**CASE NO.:** Judge Richard Lee

**COMPLAINT FOR DAMAGES**

1. **DISCRIMINATION BASED ON DISABILTY IN VIOLATION OF FEHA;**
2. **FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;**
3. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF FEHA;**
4. **RETALIATION IN VIOLATION OF FEHA;**
5. **FAILURE TO TAKE ALL NECESSARY STEPS TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF FEHA; and**
6. **DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT (GOVERNMENT CODE §§ 12900, 12945.2 *ET SEQ.***

**REQUEST FOR A JURY TRIAL**

- 1 -

**COMPLAINT FOR DAMAGES**

Exhibit A Page 12

1   Plaintiff SHANTE BELL alleges as follows:

## GENERAL ALLEGATIONS

3       1.   Plaintiff SHANTE BELL ("Bell" or "Plaintiff") is an individual who at all times pertinent

4   to this lawsuit was a resident of the County of Los Angeles, State of California.  Plaintiff is entitled

5   to the protections of the Fair Employment and Housing Act ("FEHA") because she was physically

6   disabled as defined by the FEHA, as she had been diagnosed with Lupus.

7       2.   Plaintiff is informed and believes, and thereon alleges, that the Defendant REALPAGE

8   INC. ("Realpage") is a business entity, exact form unknown, engaged in the property management

9   business in the State of California.

10       3.   Plaintiff was at all times relevant employed by the Defendant REALPAGE INC. and or its

11   predecessor and subsidiary  NWD Services Corporation(NWD) and Does 1-100. The Defendants

12   REALPAGE INC. and Does 1-100 will hereinafter be collectively referred to at times as the

13   "Employer Defendants".

14       4.   Plaintiff was at all times employed at the Employer Defendants' premises located at 535

15   Anton Boulevard, Suite 1100 Costa Mesa, CA 92626 (hereinafter "the premises") All the torts and

16   statutory violations alleged below occurred at the premises.

17       5.   The Employer Defendants are California employers who employ more than five people,

18   and are accordingly subject to the provisions of FEHA.

19       6.   Defendants Does 1 through 100 are sued under fictitious names pursuant to California Code

20   of Civil Procedure section 474.  Plaintiff is informed and believes, and on that basis alleges, that

21   each defendant sued under such fictitious names is in some manner responsible for the wrongs and

22   damages as alleged below, and in so acting was functioning as the agent, servant, manager,

23   supervisor, and/or employee of the Employer Defendants, and in doing the actions mentioned

24   below was acting within the course and scope of his or her authority as such agent, servant.

25       7.   Plaintiff was hired by the Employer Defendants as to work in Human Resources in 2007 at

26   the premises. She was eventually, on information and belief promoted to the position Human

27   Resources Manager. She retained that position until her wrongful termination on or about October

28   11, 2017.

- 2 -

**COMPLAINT FOR DAMAGES**   Exhibit A Page 13

8. Plaintiff suffered from a physical disability as defined by the Fair Employment and Housing Act (FEHA) due to her diagnosis of Lupus. More specifically, Plaintiff suffered from Lupus. This diagnosis interfered with Plaintiff's major life activities, including but not limited to, taking care of herself, engaging in social activities and working. Plaintiff was a qualified individual with a disability because she was a disabled individual who could either, with or without reasonable accommodations, perform the essential functions of her job, or alternatively another job she was qualified for and desired. Plaintiff is accordingly entitled to the protections of FEHA.

9. Alternatively, Plaintiff was perceived by the Employer Defendants as being physically disabled.

10. Plaintiff is informed and believes that REALPAGE INC. is a covered employer pursuant to the California Family Rights Act (CFRA) as it employs at least 50 employees within the 75-mile radius of plaintiff's worksite.

11. Plaintiff is an eligible employee under the California Family Rights Act as she worked for Bank of America for at least 12 months prior to her leave and worked for 1,250 hours in the 12 months before the start of her leave.

12. Prior to the events giving rise to this case, Plaintiff had taken a medical leave pursuant to the California Family Rights Act (CFRA) for issues secondary to her Lupus.

13. In approximately March 2016, on information and belief, NWD was purchased by Defendant REALPAGE INC and Does 1-100. Plaintiff was thereafter employed by Defendant REALPAGE INC and Does 1-100.

14. In approximately April 2017, Plaintiff began reporting to a new supervisor, HR Director Elaine Johnson.

15. Plaintiff told her new supervisor about her Lupus diagnoses.

16. In July 2017, Plaintiff's Lupus began acting up. She decided that she needed to seek medical attention. He informed the Employer Defendants about this.

17. Plaintiff's physicians that she would need to take time off from work for chemotherapy and other medical intervention due to her symptoms.

**COMPLAINT FOR DAMAGES**            Exhibit A Page 14

18. Plaintiff's physicians put Plaintiff on medical leave for one month. Plaintiff's physicians provided her with a medical note putting Plaintiff on medical leave for approximately one month. Plaintiff provided this note to the Employer Defendants.

19. Plaintiff is informed and believes that this was a CFRA qualifying leave.

20. This was a request for an accommodation under the FEHA and was reasonable.

21. This was also a protected activity as defined by the FEHA.

22. Plaintiff's physicians thereafter extended her leave due to her symptomology. Plaintiff's physicians initially extended her leave until September 5, 2017. Plaintiff's physicians thereafter extended her leave again until October 2, 2017. Plaintiff provided the appropriate Physician's notes to the Employer Defendants.

23. Plaintiff is informed and believes that this was a continuous CFRA qualifying leave.

24. These were requests for an accommodation under the FEHA and were reasonable.

25. These requests for an accommodation were also a protected activity as defined by the FEHA.

26. On approximately September 29, 2017, Plaintiff's physicians thereafter extended her leave again until October 29, 2017. Plaintiff provided the appropriate Physician's notes to the Employer Defendants.

27. This was a request for an accommodation under the FEHA and was reasonable.

28. This was also a protected activity as defined by the FEHA.

29. The Employer Defendants refused to accommodate Plaintiff pursuant to her physician's orders and instead told Plaintiff she had to return by October 9th or she would be terminated.

30. There was no good faith interactive process.

31. Plaintiff was not accommodated.

32. Plaintiff thereafter and prior to her termination requested an accommodation that her leave be extended by one week, until October 16, 2017.

33. This was a request for an accommodation under the FEHA and was reasonable.

34. This was also a protected activity as defined by the FEHA.

35. There was no good faith interactive process.

- 4 -

**COMPLAINT FOR DAMAGES**

Exhibit A Page 15

1    36. The Employer Defendants, rather than accommodating Plaintiff by extending her leave for

2  a short period of time, refused to accommodate her, and instead wrongfully terminated her on or

3  about October 11, 2017.

4    37. The Employer Defendants also failed to enter into a good faith interactive process with

5  Plaintiff prior to refusing to accommodate her and terminating her.

6    38. Plaintiff is informed and believes that she was terminated due to her disability, in retaliation

7  for seeking accommodations and in retaliation for accessing CFRA leave.

8    39. Plaintiff has duly and timely exhausted her Administrative Remedies by filing charges with

9  the DFEH and receiving Right to Sue Notice.

**FIRST CAUSE OF ACTION**

**DISCRIMINATION BASED ON DISABILTY IN VIOLATION OF FEHA**

**(GOVERNMENT CODE § 12940(a))**

**(BY PLAINTIFF AGAINST ALL DEFENDANTS)**

13    40. Plaintiff incorporates by reference, as though set forth in full herein, each and every

14  allegation contained in Paragraphs 1 through 39, inclusive above.

15    41. *Government Code* §12940(a) precludes an employer from discriminating against an

16  employee based on a physical disability/perceived physical disability.

17

18    42. Plaintiff was at all times relevant physically disabled or perceived to be physically disabled

19  as afore pled.

20    43. Plaintiff is informed and believes that she was terminated due to her disability. Such

21  conduct violates *Government Code* §12940(a).

22    44.  Plaintiff is informed and believes that such conduct was substantially motivated by

23  Plaintiff's physical disability/perceived physical disability. Such conduct violates *Government*

24  *Code* §12940(a) and other provisions of the FEHA.

25

26    45.  As a proximate result of the said discrimination, Plaintiff has suffered mental anguish,

27  general damages, and emotional suffering past and future in an amount in excess of the minimum

28  jurisdiction of this court and according to proof.

- 5 -

**COMPLAINT FOR DAMAGES**          Exhibit A Page 16

46. As a further proximate result of said discrimination as afore pled, Plaintiff has suffered a loss of tangible employment benefits including lost wages and fringe benefits in an amount in excess of the minimum jurisdiction of the court and according to proof.

47. As a further proximate result of the discrimination as afore pled, Plaintiff was required to and did retain attorneys, and is accordingly entitled to an award of attorney's fees and costs according to proof.

48. As a further proximate result of said discrimination, Plaintiff has incurred and will continue to incur medical expenses, past and future, in an amount according to proof at the time of trial.

49. The afore pled conduct constitutes oppression, fraud, and malice, thereby entitling Plaintiff to an award of punitive damages. Plaintiff is informed and believes and thereon alleges that such conduct was taken by an owner, officer or managing agent of the Employer Defendants, or alternatively, authorized, ratified or approved by an owner, officer or managing agent of the Employer Defendants.

**SECOND CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE**

**IN VIOLATION OF FEHA (GOVERNMENT CODE § 12940(m))**

**(BY PLAINTIFF AGAINST ALL DEFENDANTS)**

50. Plaintiff incorporates by reference, as though set forth in full herein, each and every allegation contained in Paragraphs 1 through 49, inclusive above.

51. Plaintiff was disabled within the meaning of the FEHA, all as afore pled. Alternatively, the Employer Defendants perceived Plaintiff as being physically disabled.

52. *Government Code* §12940(m) requires an employer to provide reasonable accommodations to employees with known physical disabilities who request the same. The Employer also has an

**COMPLAINT FOR DAMAGES**      Exhibit A Page 17

affirmative duty to inform disabled individuals of other job opportunities and ascertain whether the employee is interested in, or qualified for said positions.

53. In July 2017, Plaintiff's Lupus began acting up. She decided that she needed to seek medical attention. He informed the Employer Defendants about this.

54. Plaintiff's physicians that she would need to take time off from work for chemotherapy and other medical intervention due to her symptoms.

55. Plaintiff's physicians put Plaintiff on medical leave for one month. Plaintiff's physicians provided her with a medical note putting Plaintiff on medical leave for approximately one month. Plaintiff provided this note to the Employer Defendants.

56. Plaintiff is informed and believes that this was a CFRA qualifying leave.

57. This was a request for an accommodation under the FEHA and was reasonable.

58. This was also a protected activity as defined by the FEHA.

59. Plaintiff's physicians thereafter extended her leave due to her symptomology. Plaintiff's physicians initially extended her leave until September 5, 2017. Plaintiff's physicians thereafter extended her leave again until October 2, 2017. Plaintiff provided the appropriate Physician's notes to the Employer Defendants.

60. Plaintiff is informed and believes that this was a continuous CFRA qualifying leave.

61. These were requests for an accommodation under the FEHA and were reasonable.

62. These requests for an accommodation were also a protected activity as defined by the FEHA.

63. On approximately September 29, 2017, Plaintiff's physicians thereafter extended her leave again until October 29, 2017. Plaintiff provided the appropriate Physician's notes to the Employer Defendants.

64. This was a request for an accommodation under the FEHA and was reasonable.

- 7 -

**COMPLAINT FOR DAMAGES**          Exhibit A Page 18

65. This was also a protected activity as defined by the FEHA.

66. The Employer Defendants refused to accommodate Plaintiff pursuant to her physician's orders and instead told Plaintiff she had to return by October 9th or she would be terminated.

67. There was no good faith interactive process.

68. Plaintiff was not accommodated.

69. Plaintiff thereafter and prior to her termination requested an accommodation that her leave be extended by one week, until October 16, 2017.

70. This was a request for an accommodation under the FEHA and was reasonable.

71. This was also a protected activity as defined by the FEHA.

72. There was no good faith interactive process.

73. The Employer Defendants, rather than accommodating Plaintiff by extending her leave for a short period of time, refused to accommodate her, and instead wrongfully terminated her on or about October 11, 2017.

74. The foregoing conduct, in repeatedly failing to accommodate Plaintiff violates *Government Code* §12940(m) and other provisions of the FEHA.

75. As a proximate result of said violation of FEHA as afore pled, Plaintiff has suffered a loss of tangible employment benefits including lost wages and fringe benefits, past and future, in an amount in excess of the minimum jurisdiction of this court, and according to proof.

76. As a proximate result of the said violation of FEHA, Plaintiff has suffered mental anguish and emotional suffering, past and future, in an amount in excess of the minimum jurisdiction of this court, and according to proof.

77. As a further proximate result of said violation of FEHA, Plaintiff has incurred and will continue to incur medical expenses, past and future, in an amount according to proof at the time of trial.

- 8 -

**COMPLAINT FOR DAMAGES**

Exhibit A Page 19

78. As a result of said violation of FEHA, Plaintiff was required to and did retain attorneys and is accordingly entitled to an award of attorney's fees and costs according to proof.

79. As a further proximate result of said violation of the FEHA, Plaintiff's disabilities and medical conditions became worse and were exacerbated, all to Plaintiff's damages according to proof.

80. The afore pled conduct constitutes oppression, fraud, and malice, thereby entitling Plaintiff to an award of punitive damages. Plaintiff is informed and believes and thereon alleges that such conduct was taken by an owner, officer or managing agent of the Employer Defendants, or alternatively, authorized, ratified or approved by an owner, officer or managing agent of the Employer Defendants.

### THIRD CAUSE OF ACTION
### FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
### IN VIOLATION OF FEHA (GOVERNMENT CODE § 12940(n))
### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

81. Plaintiff incorporates by reference, as though set forth in full herein, each and every allegation contained in Paragraphs 1 through 80, inclusive above.

82. Plaintiff was disabled within the meaning of FEHA, all as afore pled.   Alternatively, the Employer Defendants perceived Plaintiff as being disabled.

83. *Government Code* §12940(n) requires an employer to engage in a good faith interactive process with a disabled employee to ascertain effective reasonable accommodations. The employer's failure to do so is a separate violation of FEHA.

84. In July 2017, Plaintiff's Lupus began acting up. She decided that she needed to seek medical attention. He informed the Employer Defendants about this.

85. Plaintiff's physicians that she would need to take time off from work for chemotherapy and other medical intervention due to her symptoms.

- 9 -

**COMPLAINT FOR DAMAGES**          Exhibit A Page 20

86. Plaintiff's physicians put Plaintiff on medical leave for one month. Plaintiff's physicians provided her with a medical note putting Plaintiff on medical leave for approximately one month. Plaintiff provided this note to the Employer Defendants.

87. Plaintiff is informed and believes that this was a CFRA qualifying leave.

88. This was a request for an accommodation under the FEHA and was reasonable.

89. This was also a protected activity as defined by the FEHA.

90. Plaintiff's physicians thereafter extended her leave due to her symptomology. Plaintiff's physicians initially extended her leave until September 5, 2017. Plaintiff's physicians thereafter extended her leave again until October 2, 2017. Plaintiff provided the appropriate Physician's notes to the Employer Defendants.

91. Plaintiff is informed and believes that this was a continuous CFRA qualifying leave.

92. These were requests for an accommodation under the FEHA and were reasonable.

93. These requests for an accommodation were also a protected activity as defined by the FEHA.

94. On approximately September 29, 2017, Plaintiff's physicians thereafter extended her leave again until October 29, 2017. Plaintiff provided the appropriate Physician's notes to the Employer Defendants.

95. This was a request for an accommodation under the FEHA and was reasonable.

96. This was also a protected activity as defined by the FEHA.

97. The Employer Defendants refused to accommodate Plaintiff pursuant to her physician's orders and instead told Plaintiff she had to return by October 9th or she would be terminated.

98. There was no good faith interactive process.

99. Plaintiff was not accommodated.

- 10 -

**COMPLAINT FOR DAMAGES**

1       100. Plaintiff thereafter and prior to her termination requested an accommodation that her leave

2  be extended by one week, until October 16, 2017.

3       101. This was a request for an accommodation under the FEHA and was reasonable.

4       102. This was also a protected activity as defined by the FEHA.

5       103. There was no good faith interactive process.

6

7       104. The Employer Defendants, rather than accommodating Plaintiff by extending her leave for

8  a short period of time, refused to accommodate her, and instead wrongfully terminated her on or

9  about October 11, 2017.

10      105.   The Employer Defendants violated *Government Code* §12940(n) by repeatedly failing

11  to engage in said good faith interactive process with Plaintiff with respect to her requests for

12  accommodation.

13

14      106.   As a proximate result of the said violation of FEHA, Plaintiff has suffered mental

15  anguish, general damages, and emotional suffering, past and future, in an amount in excess of the

16  minimum jurisdiction of this court and according to proof.

17      107.   As a further proximate result of said violation of FEHA as afore pled, Plaintiff has

18  suffered a loss of tangible employment benefits including lost wages and fringe benefits, past and

19  future, in an amount in excess of the minimum jurisdiction of this court, and according to proof.

20      108.   As a further proximate result of the Defendants' violation of FEHA, Plaintiff was forced

21  to and did retain attorneys, and is accordingly entitled to an award of attorney's fees and cost

22  according to proof.

23

24      109.   As a further proximate result of said violation of FEHA, Plaintiff has incurred and will

25  continue to incur medical expenses, past and future, in an amount according to proof at the time of

26  trial.

27

28

**COMPLAINT FOR DAMAGES**    Exhibit A Page 22

110.    As a further proximate result of said violation of the FEHA, Plaintiff's disabilities and medical conditions became worse and were exacerbated, all to Plaintiff's damages according to proof.

111. The afore pled conduct constitutes oppression, fraud, and malice, thereby entitling Plaintiff to an award of punitive damages. Plaintiff is informed and believes and thereon alleges that such conduct was taken by an owner, officer or managing agent of the Employer Defendants, or alternatively, authorized, ratified or approved by an owner, officer or managing agent of the Employer Defendants.

### FOURTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF FEHA
### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

112.    Plaintiff incorporates by reference, as though set forth in full herein, each and every allegation contained in Paragraphs 1 through 111, inclusive above.

113. Government Code § 12940(h), and other provisions of the FEHA, preclude an employer from retaliating against an employee for engaging in protected activity under the FEHA.

114. In July 2017, Plaintiff's Lupus began acting up. She decided that she needed to seek medical attention. He informed the Employer Defendants about this.

115. Plaintiff's physicians that she would need to take time off from work for chemotherapy and other medical intervention due to her symptoms.

116. Plaintiff's physicians put Plaintiff on medical leave for one month. Plaintiff's physicians provided her with a medical note putting Plaintiff on medical leave for approximately one month. Plaintiff provided this note to the Employer Defendants.

117. Plaintiff is informed and believes that this was a CFRA qualifying leave.

118. This was a request for an accommodation under the FEHA and was reasonable.

119. This was also a protected activity as defined by the FEHA.

**COMPLAINT FOR DAMAGES**          Exhibit A Page 23

120. Plaintiff's physicians thereafter extended her leave due to her symptomology. Plaintiff's physicians initially extended her leave until September 5th 2017. Plaintiff's physicians thereafter extended her leave again until October 2, 2017. Plaintiff provided the appropriate Physician's notes to the Employer Defendants.

121. Plaintiff is informed and believes that this was a continuous CFRA qualifying leave.

122. These were requests for an accommodation under the FEHA and were reasonable.

123. These requests for an accommodation were also a protected activity as defined by the FEHA.

124. On approximately September 29, 2017, Plaintiff's physicians thereafter extended her leave again until October 29, 2017. Plaintiff provided the appropriate Physician's notes to the Employer Defendants.

125. This was a request for an accommodation under the FEHA and was reasonable.

126. This was also a protected activity as defined by the FEHA.

127. The Employer Defendants refused to accommodate Plaintiff pursuant to her physician's orders and instead told Plaintiff she had to return by October 9th or she would be terminated.

128. There was no good faith interactive process.

129. Plaintiff was not accommodated.

130. Plaintiff thereafter and prior to her termination requested an accommodation that her leave be extended by one week, until October 16, 2017.

131. This was a request for an accommodation under the FEHA and was reasonable.

132. This was also a protected activity as defined by the FEHA.

133. There was no good faith interactive process.

134. The Employer Defendants, rather than accommodating Plaintiff by extending her leave for a short period of time, refused to accommodate her, and instead wrongfully terminated her on or about October 11, 2017.

- 13 -

**COMPLAINT FOR DAMAGES**

135. Plaintiff is informed and believes that she was terminated due to her disability, in retaliation for seeking accommodations and in retaliation for accessing CFRA leave.

136. The foregoing conduct by the Employer Defendants, and each of them, was in retaliation for Plaintiff's protected activity under the FEHA, and is accordingly a violation of Government Code § 12940(h), and other provisions of the FEHA.

137. As a proximate result of the said violation of FEHA, Plaintiff has suffered mental anguish and emotional suffering past and future in an amount in excess of the minimum jurisdiction of this Court and according to proof.

138. As a further proximate result of the said violation of FEHA as afore pled, Plaintiff has suffered a loss of tangible employment benefits past and future including lost wages and fringe benefits in an amount in excess of the minimum jurisdiction of this court and according to proof.

139. As a further and proximate result of the said violation of FEHA as afore pled, Plaintiff was required to and did seek medical attention, and will need medical attention in the future, all to Plaintiff's damages in a sum according to proof.

140. As a further proximate result of the Employer Defendants' violation of the FEHA as afore pled, Plaintiff was forced to and did retain attorneys, and is accordingly entitled to an award of attorneys' fees and costs according to proof at the time of trial.

141. The afore pled conduct constitutes oppression, fraud, and malice, thereby entitling Plaintiff to an award of punitive damages. Plaintiff is informed and believes and thereon alleges that such conduct was taken by an owner, officer or managing agent of the Employer Defendants, or alternatively, authorized, ratified or approved by an owner, officer or managing agent of the Employer Defendants.

**COMPLAINT FOR DAMAGES**

1

### FIFTH CAUSE OF ACTION

2

### FAILURE TO TAKE ALL NECESSARY STEPS TO PREVENT DISCRIMINATION AND

3

### RETALIATION IN VIOLATION OF FEHA (GOVERNMENT CODE § 12940(k))

### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

4

142.   Plaintiff incorporates by reference, as though set forth in full herein, each and every

5

6

allegation contained in Paragraphs 1 through 141, inclusive above.

7

143.   Plaintiff is informed and believes, and thereon alleges, that the Employer Defendants

8

failed to take all steps reasonably necessary to prevent discrimination and retaliation from

9

occurring.  Such conduct violates Government Code § 12940(k).

10

144.   Said violation of FEHA caused Plaintiff to be discriminated against and retaliated

11

against all as afore pled.

12

13

145.   As a proximate result of the said violation of FEHA, Plaintiff has suffered mental

anguish, general damages and emotional suffering, past and future, in an amount in excess of the

14

15

minimum jurisdiction of this court and according to proof.

16

146.   As a further proximate result of said violation of FEHA as afore pled, Plaintiff has

17

suffered a loss of tangible employment benefits including lost wages and fringe benefits, past and

18

future, in an amount in excess of the minimum jurisdiction of this court, and according to proof.

19

147.   As a further proximate result of the Employer Defendants' violation of FEHA, Plaintiff

20

was forced to and did retain attorneys, and is accordingly entitled to an award of attorney's fees

21

and costs according to proof.

22

23

148.   As a further proximate result of said violation of FEHA, Plaintiff has incurred and will

24

continue to incur medical expenses, past and future, in an amount according to proof at the time of

25

trial.

26

149.   The afore pled conduct constitutes oppression, fraud, and malice, thereby entitling

27

Plaintiff to an award of punitive damages.  Plaintiff is informed and believes and thereon alleges

28

- 15 -

**COMPLAINT FOR DAMAGES**

Exhibit A Page 26

1  that such conduct was taken by an owner, officer or managing agent of the Employer Defendants,

2  or alternatively, authorized, ratified or approved by an owner, officer or managing agent of the

3  Employer Defendants.

4

5  ### SIXTH CAUSE OF ACTION

6  ### DISCRIMINATION AND RETALIATION IN VIOLATION OF

7  ### CALIFORNIA FAMILY RIGHTS ACT

8  ### *(Government Code §§ 12900, 12945.2 et seq.)*

9  ### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

10  150. Plaintiff re alleges and incorporates here paragraphs 1 through 149 above.

11  151. Plaintiff was, on information and belief, eligible for CFRA leave and the Employer

12  Defendants are subject to the provisions of CFRA.

13  152. An employer may not retaliate or discriminate against an employee for exercising any right

14  under the CFRA. (Government Code. §§ 12940(h), 12945.2(l).)

15  153. Plaintiff was entitled to a CFRA leave and protection commencing on or about July 7,

16  2017 due to her own serious health condition (Lupus).

17

18  154. Plaintiff, on information and belief, took a CFRA leave between July 7, 2017 and

19  September 29, 2017.

20  155. Plaintiff was terminated within two weeks of completing her CFRA leave.

21  156. Plaintiff is informed and believes that she was terminated due to her disability, in

22  retaliation for seeking accommodations and in retaliation for accessing CFRA leave.

23  157. Such conduct violates Government Code. §§ 12940(h), 12945.2(l) and other provisions of

24  the FEHA.

25  158. As a proximate result of the said violation of CFRA, Plaintiff has suffered mental anguish

26  and emotional suffering past and future in an amount in excess of the minimum jurisdiction of this

27  Court and according to proof.

28

- 16 -

**COMPLAINT FOR DAMAGES**    Exhibit A Page 27

159. As a further proximate result of the said violation of CFRA as afore pled, Plaintiff has suffered a loss of tangible employment benefits including lost wages and fringe benefits past and future in an amount in excess of the minimum jurisdiction of this Court and according to proof.

160. As a further and proximate result of the said violation of CFRA as afore pled, Plaintiff was required to and did seek medical attention, and will need medical attention in the future, all to Plaintiff's damages in a sum according to proof.

161. As a further proximate result of the Employer Defendants' violation of CFRA as afore pled, Plaintiff was forced to and did retain attorneys, and is accordingly entitled to an award of attorneys' fees and costs according to proof at the time of trial.

162. The afore pled conduct constitutes oppression, fraud, and malice, thereby entitling Plaintiff to an award of punitive damages. Plaintiff is informed and believes and thereon alleges that such conduct was undertaken by an owner, officer or managing agent of the Employer Defendants, or alternatively, authorized, ratified or approved by an owner, officer or managing agent of the Employer Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For damages for lost employment income and benefits, past and future, according to proof;
2. For general damages for pain and suffering past and future according to proof;
3. For damages for past and future medical expenses according to proof;
4. For damages for the worsening of Plaintiff's disability
5. For attorney's fees according to proof;
6. For costs of suit incurred herein;
7. For punitive damages; and
8. For such other and further relief as the court deems just and proper.

**COMPLAINT FOR DAMAGES**          Exhibit A Page 28

Dated: May 15, 2019

SOTTILE ▪BALTAXE

By _____
TIMOTHY B. SOTTILE, ESQ.
Attorneys for Plaintiff

## REQUEST FOR JURY TRIAL

Plaintiffs hereby request a Trial by Jury.

Dated: May 15, 2019

SOTTILE ▪BALTAXE

By _____
TIMOTHY B. SOTTILE, ESQ.
Attorneys for Plaintiff

- 18 -

**COMPLAINT FOR DAMAGES**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Timothy B. Sottile SBN:127026<br>SOTTILE BALTAXE<br>4360 Park Terrace Drive Ste 140<br>Westlake Village, CA 91361<br>TELEPHONE NO.: 818-889-0050    FAX NO.: 818-889-6050<br>ATTORNEY FOR *(Name):* Plaintiff Shante Bell | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**05/15/2019** at 11:30:29 AM<br>Clerk of the Superior Court<br>By Karla Macias,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Bell v. RealPage Inc.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER:<br>30-2019-01069958-CU-OE-CJC |
|---|---|---|---|---|
| [✓] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] **Counter**    [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Richard Lee<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* Six
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/15/19

Timothy B. Sottile
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

Exhibit A Page 30

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

Exhibit A Page 31